UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LONDON
CIVIL CASE NO. 13-27-HRW-JGW

HERMAN PAGE                                                              PETITIONER

V.

J.C. HOLLAND, WARDEN                                                     RESPONDENT

**REPORT & RECOMMENDATION**

On February 5, 2013, petitioner Herman Page filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Consistent with local practice, the matter has been referred the undersigned for initial consideration pursuant to 28 U.S.C. § 636(b).

Rule 4 of the *Rules Governing Habeas Corpus Cases Under Section 2254* provides for preliminary review by the court prior to serving the respondent with a copy of the motion and requiring a response. Rule 4 specifically instructs trial courts that "[i]f it plainly appears from the petition...that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Preliminary review mandates dismissal of the petition without requiring a formal response to be filed.

**I. Factual and Procedural History**

This case has a lengthy, tangled procedural history.[1] In 1994, petitioner was convicted in the trial court of first-degree murder (referred to as felony murder), second-degree robbery and two counts of second-degree murder. Petitioner was given life imprisonment without possibility

---

[1] Because the petition itself does not set forth a complete and adequate procedural history, this report and recommendation also contains information gathered from the opinion of the District of Columbia ("D.C.") Court of Appeals on petitioner's direct appeal (*Page v. United States*, 715 A.2d 890 (D.C. 1998)), and the online docket sheet of petitioner's criminal action in the D.C. Superior Court ("the trial court"), which is available by entering 1993 FEL 007054 as the case number at https://www.dccourts.gov/cco/maincase.jsf.

of parole ("LWOP") for the first-degree murder conviction, five to fifteen years' imprisonment for both the second-degree burglary conviction and the robbery conviction, and two terms of fifteen years' to life imprisonment for the second-degree murder convictions. Petitioner filed a direct appeal to the D.C. Court of Appeals in August 1994.

In January 1996, while his direct appeal was still pending, petitioner filed his first post-conviction motion to vacate, set aside or correct judgment in the trial court pursuant to D.C. Code §23-110.[2] The D.C. courts' website notes that the motion was denied on January 10, 1997, a decision petitioner appealed to the D.C. Court of Appeals.

In August 1998, the D.C. Court of Appeals issued an opinion resolving both petitioner's direct appeal and his appeal of the denial of his first motion for post-conviction relief. *See Page*, 715 A.2d 890. The appellate court affirmed all of petitioner's convictions and sentences, except in a footnote the court held that "the robbery conviction merges with the conviction for felony murder . . . and the two convictions for second-degree murder also merge with the felony murder conviction." *Id.* at 894, n.6. The case was remanded to the trial court with instructions to "vacate" the merged convictions. *Id.* at 894. The Supreme Court denied certiorari on October 4, 1999. *See* 528 U.S. 855. Later in October 1999, petitioner was resentenced by the trial court.

In January 2000, petitioner filed a motion to reduce his sentence under D.C. Superior Court Rule 35. That motion was denied in March 2000.[3] No other motions were filed until

---

[2]The record before the Court does not contain either the motions or the D.C. courts' rulings thereon. Similarly, neither the motions or the courts' rulings may be seen on the D.C. courts' website.

[3]The online docket sheet on the D.C. courts' website says the motion was denied on March 8, 2000. Curiously, however, in August 15, 2000, petitioner filed a traverse to the government's response to the motion. The online docket sheet provides that the traverse was

2

November 8, 2005, when defendant filed another motion to vacate, set aside or correct sentence. After several continuances, the trial court held a hearing on that motion in June 2006, at which time the motion was denied.[4] Defendant appealed, but his appeals were dismissed by the D.C. Court of Appeals in 2007.[5]

The online docket sheet does not reveal any additional activity until February 2011, when petitioner filed another motion to vacate, set aside or correct sentence pursuant to D.C. Code §23-110. That motion was denied by the trial court in June 2011. Defendant again appealed but the D.C. Court of Appeals affirmed in September 2012. Petitioner then filed the petition at hand.[6]

**II. Analysis**

Petitioner raises four grounds for relief. First, in a two-pronged argument, he contends his trial counsel was ineffective for not introducing mitigation evidence and his appellate counsel was ineffective for not arguing that trial counsel was ineffective. Second, he contends the D.C.

---

denied on September 10, 2001. It is unclear how a traverse (i.e., a reply) could properly have been filed in support of a motion that had already been denied, nor is it clear how a traverse, which typically is not a separate motion, could itself be denied.

[4]The docket sheet provides that the order denying the motion was issued on August 4, 2006 but was made to apply nunc pro tunc to June 28, 2006. The docket sheet also provides that on August 4, 2006, the trial court denied petitioner's motion seeking a parole date and alleging ineffective assistance of counsel. It is unclear when petitioner made those motions.

[5]The docket sheet provides that one appeal was dismissed in June 2007 and another was dismissed in July 2007.

[6]Petitioner signed the petition on December 28, 2012 and the envelope containing the petition was postmarked January 31, 2013. There is no indication in the record as to why the petition was not mailed for over a month after petitioner executed it. The petition was filed by the Clerk of Court on February 5, 2013. The discrepancy between the date petitioner executed the petition and the date it was postmarked is not a factor in the Court's recommendation that the petition be denied without the filing of a response.

3

statutory framework for raising ineffective assistance of appellate counsel claims is inadequate. Third, he contends the trial court erred by not conducting a proportionality review before sentencing petitioner to LWOP. Finally, he contends that the vacating of his robbery conviction means that he should not be eligible for LWOP.

Because he is in custody pursuant to a conviction in a District of Columbia court, not a state court, petitioner "cannot seek relief pursuant to Section 2254." *Ford v. Rios,*, 2009 WL 511136, at *3 (E.D.Ky. March 2, 2009). *See also Briscoe v. Withers*, 2012 WL 5198470, at *1 (E.D.Ky. Oct. 19, 2012) ("Briscoe is in a unique position because he was convicted in the District of Columbia. . . . [A] prisoner in federal custody pursuant to a judgment of the D.C. Superior Court cannot seek relief pursuant to Section 2254.") (internal quotation marks and citation omitted). Instead, D.C. Code "Section 23-110 provides [petitioner's] primary mechanism for redress." *Ford*, 2009 WL 511136, at *3.   *See also Totten v. Ives*, 2012 WL 1409667, at *1 (E.D.Ky. April 23, 2012) ("A prisoner in federal custody pursuant to a conviction entered by the Superior Court of the District of Columbia must challenge the legality of his conviction or sentence by filing a post-conviction motion under D.C. Code §23-110 in the Superior Court."). Filing a motion under D.C. Code §23-110 is the avenue available for persons convicted in D.C. courts because Section 23-110 "is directly analogous to Section 2255 for federal prisoners and Section 2254 for state prisoners." *Ford*, 2009 WL 511136, at *2.

However, the bar against persons convicted in D.C. courts from seeking habeas relief in federal court is not absolute. D.C. Code Section 23-110(g) provides in relevant part that a federal court may not entertain a motion for habeas corpus "unless it . . . appears that the remedy by motion [in the D.C. courts] is inadequate or ineffective to test the legality of his detention."

4

In other words, "just as federal offenders have access to habeas relief in [28 U.S.C.] Section 2241 through the savings clause in Section 2255(e), a D.C. offender may challenge his conviction or sentence using Section 2241 through the savings clause in D.C. Code Section 23-110(g)." *Id.* at *3. Therefore, despite it having been denominated as a §2254 petition, the Court must construe the petition as having been brought under §2241. *Briscoe*, 2012 WL 5198470, at *1 ("28 U.S.C. §2241 provides the only federal court remedy available to a prisoner convicted under the District of Columbia Code . . . ."); *Ford*, 2009 WL 511136, at *3 (construing document styled as §2254 petition as being a §2241 petition). The question then becomes whether petitioner has shown that the relief available pursuant to D.C. Code §23-110 is inadequate or ineffective.[7] *Id.* ("In order to be entitled to use Section 2241 to challenge his conviction or sentence, however, Ford must present a facially viable claim that his remedy under Section 23-110 is inadequate or ineffective.").

Petitioner has not substantively argued, much less shown, that D.C. Code §23-110 is ineffective or inadequate to resolve his LWOP-related arguments. The court "has no authority to create arguments or claims that the plaintiff has not made." *Briscoe*, 2012 WL 5198470, at *2, n. 4. Accordingly, the LWOP-based arguments are not cognizable in this federal habeas petition. *Id.* at *2 (holding that a petitioner convicted in D.C. courts is not entitled to federal habeas relief because he had failed "to establish–or even allege–that his remedy under D.C. Code §23-110 would be inadequate or ineffective."); *Ford*, 2009 WL 511136, at *3 ("Ford has not argued that Section 23-110 is an 'inadequate and ineffective' remedy for bringing his due process claim;

---

[7]Petitioner is obviously aware of this standard since his second claim for relief is a blanket contention that D.C. Code §23-110 is inadequate and/or ineffective for him to obtain proper post-conviction relief.

thus, the Court cannot review the merits of his claim under Section 2241.").

The only remaining substantive argument is petitioner's contention that his appellate counsel was ineffective for failing to argue on direct appeal that petitioner's trial counsel was ineffective. The only method to challenge the effectiveness of appellate counsel in the D.C. courts is for a petitioner to file a "motion to recall the mandate . . . directly in the D.C. Court of Appeals . . . ." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C.Cir. 2009). Because filing a motion with the D.C. Court of Appeals is "an independent action separate and apart from a 23-110 motion[,]" and because the language of Section 23-110(g) "makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)[,]" the United States Court of Appeals for the District of Columbia Circuit has concluded that "section 23-110 does not deprive federal courts of jurisdiction over habeas petitions alleging ineffective assistance of appellate counsel." *Id.* at 998. Neither the Sixth Circuit nor any district court therein has issued an opinion either adopting or rejecting the holding in Williams. However, petitioner is not entitled to relief even if it is assumed, solely for purposes of argument, that the holding in *Williams* regarding the availability of federal habeas relief for claims based on ineffective assistance of appellate counsel should be adopted by this Court. Nowhere in the habeas petition does petitioner indicate that he filed a motion to recall the mandate (i.e., a motion alleging ineffective assistance of appellate counsel) in the D.C. Court of Appeals. To the contrary, twice petitioner argues, erroneously, that this Court is obligated to examine the ineffective assistance of appellate counsel on the merits despite petitioner's lack of filing a motion to recall the mandate in the D.C. Court of Appeals. *See* Doc. 1, p. 4 ("The fact that the movant failed to file a motion to recall the

mandate . . . is no bar to review by the federal court."); p. 5 ("In any event, movant's failure to file a successful §23-110 motion or a motion to recall the mandate should not preclude the movant from presenting these claims to the U.S. District Court.").

Petitioner's argument is contrary to the conclusion reached by the United States District Court for the District of Columbia, which has persuasively held that if a federal habeas petitioner did not file a motion to recall the mandate, he has not exhausted his local remedies and, consequently, cannot seek federal habeas relief.[8] *See Johnson v. Stansberry*, 2010 WL 358521, at *2 (D.D.C. Jan. 29, 2010) ("If Johnson did not move to recall the mandate, he has not exhausted his local remedies and therefore no writ of habeas corpus may be granted."); *Baisey v. Stansberry*, 777 F.Supp.2d 1, 3 (D.D.C. 2011) (holding that habeas petitioner's failure to file a motion to recall the mandate meant that the court lacked jurisdiction over the petition for writ of habeas corpus). Petitioner's failure to file a motion to recall the mandate is fatal to the viability of his claim of ineffective assistance of appellate counsel. Therefore, none of petitioner's arguments are properly cognizable in this federal habeas petition.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED** that the petition for writ of habeas corpus [Doc. 1] be **denied** and that this case be dismissed without requiring the Respondent to file a written response. The undersigned further recommends that a courtesy copy of this Report & Recommendation be served upon the United States Attorney.

---

[8]Albeit in a different procedural context, the Sixth Circuit has similarly explained that "[a] federal court may not grant a writ of habeas corpus unless the applicant has exhausted all available remedies in state court. 28 U.S.C. §2254(b)(1)(A). To be properly exhausted, each claim must have been 'fairly presented' to the state courts." *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *see also U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 19th day of February, 2013.

Signed By:
**J. Gregory Wehrman**
**United States Magistrate Judge**